UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOYCE MOORE,**<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF DETROIT,**<br><br>Defendant. | 2:21-CV-10091-TGB<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff Joyce Moore filed this pro se lawsuit along with an application to proceed in forma pauperis. ECF Nos. 1, 3. She seeks a recognition of the Virginia Park Community on "all City of Detroit[] maps and all City of Detroit[] websites and when referencing any vacant lots" within the community. ECF No. 1, PageID.4.

For the following reasons, Plaintiff's application to proceed in forma pauperis is **GRANTED** and her Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. **Application to proceed in forma pauperis**

Plaintiff has filed an application to proceed in forma pauperis, or without the prepayment of fees. 28 U.S.C. § 1915 (a)(1) provides that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a

1

> statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor.

If an application to proceed in forma pauperis is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will **GRANT** Plaintiff's motion to proceed in forma pauperis.

## II. Dismissal under 28 U.S.C. § 1915(e)(2)(B)

Once an in forma pauperis complaint has been filed, it is tested to determine whether it is frivolous or fails to state a claim for which relief exists. *See id.* at 261. The Court "shall dismiss the case" if:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 § U.S.C. 1915(e)(2)(B).

Federal courts can only hear certain kinds of cases, namely those that fall within the courts' "subject matter jurisdiction." A federal court's subject matter jurisdiction is limited to 1) issues arising under the Constitution or a federal statute (*"federal question"* jurisdiction), or 2) from a dispute between two parties from different states of the Union (*"diversity of citizenship"* jurisdiction). 28 U.S.C. §§ 1331, 1332. If a complaint is filed in federal court and does not fall within one of these

2

two categories, the court does not have jurisdiction over it, and the court therefore cannot grant relief. In this case, as in a case previously filed by Ms. Moore[1], the Court finds that the Complaint "fails to state a claim on which relief may be granted" because the Court does not have subject matter jurisdiction over her claim.

For a court to have federal question jurisdiction, the action must arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not mention any laws of the United States or provisions of the Constitution that apply to her claim. Even construing the Complaint liberally, the Court cannot identify any. Plaintiff does make several references to the City of Detroit Charter. ECF No. 1, PageID.4. However, this is not a federal law, and as such it is outside of this Court's jurisdiction to determine whether it is being followed.

For diversity jurisdiction, there must be diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Diversity of citizenship requires "complete diversity," that is, that all the defendants be from a different state than all the plaintiffs. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). Here, Ms. Moore is suing the City of Detroit.

---

[1] *See Virginia Park Community Coalition et al. v. United States Department of Housing and Urban Development, et al.,* Case No. 14-CV-14775.

3

Like her, the City of Detroit is a Michigan resident. Since Plaintiff and the City of Detroit are both Michigan residents, the suit does not meet the requirement of complete diversity.

Because there is no federal question jurisdiction and there is no complete diversity of citizenship, the court lacks subject matter jurisdiction over this complaint, and it must be dismissed. Whatever the merits may be of Ms. Moore's concerns about the recognition of her community by the City of Detroit, and its possible effects on any potential private development that might occur there, the Court simply does not have the power to hear this case or to grant the relief she seeks. This is not the right legal forum for her concerns to be addressed.

For the foregoing reasons, Plaintiff's request to proceed in forma pauperis is **GRANTED** and her complaint is **DISMISSED WITH PREJUDICE** pursuant to § 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED,** this 25th day of January, 2021.

                      BY THE COURT:

                      /s/Terrence G. Berg
                      TERRENCE G. BERG
                      United States District Judge